(Court of Criminal Appeals of Texas.   Oct. 10, 1917.   On Motion for Rehearing, Oct. 24, 1917.)

1. BAIL ⊙═65—APPEAL—RECOGNIZANCE.
   Where the recognizance failed to state the punishment assessed against accused, his appeal must be dismissed.

On Motion for Rehearing.

2. CRIMINAL LAW ⊙═814(4)—COUNTS—WITHDRAWAL.
   Where an information charged fornication while living together and fornication without living together, and the count charging the offense while living together was abandoned, the case being submitted on the latter count alone, accused was not entitled to have the term "while living together," as used in the statute defined in the charge, for the withdrawal left the information as if it charged only fornication without living together.

Appeal from Wichita County Court; Harvey Harris, Judge.

Floyd Mosley was convicted of fornication, and he appeals.   Affirmed.

W. Lindsay Bibb, of Wichita Falls, for appellant.   E. B. Hendricks, Asst. Atty. Gen., for the State.

MORROW, J.   This is an appeal from a judgment assessing a fine of $250 against appellant on his conviction of the offense of fornication.

[1] The Assistant Attorney General has filed a motion to dismiss the appeal on the ground that the recognizance given by appellant is not in compliance with the law in that it fails to state the punishment assessed against him.   An inspection of the recognizance discloses the correctness of this contention, and, following previous decisions, the motion must be sustained.   Martoni v. State, 74 Tex. Cr. R. 64, 166 S. W. 1169; Branch's Ann. P. C. p. 314, § 615, and cases listed.

Appeal is dismissed.

On Motion for Rehearing.

This conviction was for the offense of fornication, and punishment fixed at a fine of $250.

The appeal was dismissed, but for reasons shown the motion for rehearing is reinstated.

[2] The offense is defined by our statute, Pen. Code 1911, art. 494, as follows:

" 'Fornication' is the living together and carnal intercourse with each other, or habitual carnal intercourse with each other without living together, of a man and woman, both being unmarried."

The information charged in separate counts each phase of the offense, namely: First, while living together; second, without living together.   The first count was abandoned and the second count only was submitted to the jury.   The effect of this was to leave the case in the status as though only the second count had been embraced in the information.   Branch's Ann. P. C. p. 232, Betts v.

State, 57 Tex. Cr. R. 391, 124 S. W. 424.   There was direct testimony to acts of intercourse and circumstances to show they were habitual.   The parties were unmarried, and there was evidence that they were not living together.   The evidence, in our judgment, is sufficient to sustain the finding of guilty under the second count of the information.

Appellant, by special charges, sought to have the court define the term "while living together," and complains of failure to charge upon the first count of the information which contained that term.   These criticisms are not well founded for the reason that the first count of the information was abandoned, and the state, in effect, elected to prosecute under the second count.   Weathersby v. State, 1 Tex. App. 646.   The cases cited by appellant, Bird v. State, 27 Tex. App. 635, 11 S. W. 641, 11 Am. St. Rep. 214, and Thomas v. State, 28 Tex. App. 300, 12 S. W. 1098, are not in opposition to the correctness of the procedure followed. · They go to the point that an indictment charging fornication while living together is not sustained by proof of habitual carnal intercourse while not living together.   This is a sound proposition, but not applicable to this case.   The law was correctly submitted in the court's charge applicable to the second count.   The proof sustains the finding, and there are no errors found in the record.

The order dismissing the case is set aside, and the judgment of the lower court is affirmed.

═══

VANCE et al. v. STATE.   (No. 4642.)

(Court of Criminal Appeals of Texas.   Oct. 24, 1917.)

CRIMINAL LAW ⊙═1053 — APPEAL — EXCEPTIONS.
   Where no exceptions were reserved to the charges or any other matter arising on the trial, a conviction must be affirmed; the evidence not being before the appellate court.

Appeal from District Court, Potter County: Hugh L. Umphres, Judge.

Jim Vance and another were convicted of burglary, and they appeal.   Affirmed.

E. B. Hendricks, Asst. Atty. Gen., for the State.

DAVIDSON, P. J.   Appellants were convicted of burglary, and their punishment assessed at two years' confinement in the penitentiary each.

The court gave a charge, and an additional charge.   There were no exceptions reserved to the charges, or any other matter arising on the trial, and the evidence is not before us.   So far as we are able to discover from the record, there is nothing requiring a reversal.   In fact, the matters presented in the motion for new trial cannot be intelligently revised without the evidence.

The judgment will thereafter be affirmed.